## MELLISSA M. JOHNSON *vs.* WILLIAM A. BROWN.

A plaintiff may properly be allowed to amend his complaint, upon the trial, by enlarging his claim for damages.

That is clearly a matter resting in the discretion of the justice, at the trial, and no exception will lie to the exercise of such discretion.

In an action for slander it is proper to allow the plaintiff, after giving evidence to prove the speaking of the actionable words alleged in the complaint, to prove the repetition of the same slanderous charge on other occasions, and subsequent to the commencement of the action.

Though the plaintiff, in such an action, cannot prove the speaking of other and different actionable words, charging a different offense, yet he may prove a repetition of the same charge. This is allowed, not for the purpose of proving a general malicious feeling or intention, on the part of the defendant towards the plaintiff, but to show the degree of malice with which the slander involved in the action was uttered.

It is not erroneous for the judge to charge the jury, in an action for slander, that even if the words were spoken with the qualification, "if reports were true," that will not change the actionable nature of the words.

A charge is equally slanderous and actionable, whether made in that form, or without the qualification. Nor can the mere fact of uttering an actionable charge in that hypothetical form go in mitigation of the damages.

The mere form in which a slanderous charge is uttered has nothing to do with the question of damages.

THIS was an action for slander. The words charged and proved to have been spoken by the defendant were, in substance, that the plaintiff, prior to her marriage, had become pregnant and had gone to a physician and

Johnson *v.* Brown.

had the child doctored away; the proof showing these words to have been first spoken in July, 1866, and in May, 1868, repeated, accompanied by the defendant's assertion that he "could prove it," and that "if it was not so, the plaintiff would take it up;" or with the question, "if it is not so, why don't she take it up?" Repeated also, in substance, on other occasions, coming down to the very week of the circuit at which the trial took place.

The defendant was examined as a witness on the trial, and admitted the conversation in which the alleged slanderous words were uttered; and that in the course of it he said the plaintiff "could not say anything, because she had a child before she was married, *if reports were true.*"

The complaint claimed damages for only $500, but at the close of the evidence the plaintiff's counsel was allowed to amend, by increasing the claim to $1000; to which the defendant's counsel excepted.

After the judge had charged the jury, and before the jury retired, the defendant's counsel, in the presence of the court and jury, excepted to that portion of said charge which stated that whether the words were uttered with or without qualification did not change the result, and asked the court to charge the jury that if they found the words were uttered with the qualification, it might be taken in mitigation of damages. The court refused so to charge, but charged the jury that the words were actionable, and it did not change the actionable character of the words although they might have been qualified as the defendant stated. The defendant's counsel excepted to the refusal of the judge to charge as requested, and also excepted in due form to his charge as made by him on the subject of said request.

The jury rendered a verdict in favor of the plaintiff for $850.

On motion of the defendant's counsel a stay of all proceedings was ordered by the court, and that the defendant

have ninety days to make and serve a case and exceptions; and that the same be heard in the first instance at the general term, and that all proceedings be stayed until the decision of the general term.

*M. Goodrich,* for the plaintiff.

I. The words shown to have been spoken by the defendant imputed to the plaintiff illicit pregnancy, together with actual criminality, under the .statute, (*Laws of* 1845, *chap.* 260, § 3,) in having procured and submitted to the destruction of the unborn offspring, an offense not only punishable by indictment, but involving also a degree of moral turpitude wholly destructive of female character. The action was therefore well supported upon the merits, (*Widrig* v. *Oyer,* 13 *John.* 124; *Martin* v. *Stillwell, Id.* 275; *Young* v. *Miller,* 3 *Hill,* 21; *Wright* v. *Paige,* 36 *Barb.* 438, *affirmed* 3 *Keyes,* 581;) and this even though the imputed offense was charged to have been committed prior to the plaintiff's marriage, and, accordingly, long enough previously to the speaking of the words to have been then barred by the statute of limitations; because the grounds of the action is the possible loss of character, more than the hazard of a criminal prosecution. (*Towns. on Sland. and Lib.* p. 156. *Van Ankin* v. *Westfall,* 14 *John.* 233.)

II. The proof that the defendant had repeated the same charge in January, 1867, and again during the circuit at which the trial was had, was admissible for the purpose of imputing to him malice in publishing the charge, in the instances counted on in the complaint, for which purpose alone it was admitted. (*Kennedy* v. *Gifford,* 19 *Wend.* 296. *Inman* v. *Foster,* 8 *id.* 602. *Towns. on Sland. and Lib.* 481–484.) 1. There are decisions, it is conceded, in conflict with these cases, among which, seemingly, are *Keenholts* v. *Becker,* (3 *Denio,* 346;) *Root* v. *Lownds,* (6 *Hill,* 518;) *Rundell* v. *Butler,* (7 *Barb.* 260,) and *Howard* v. *Sexton,* (4 *Comst.* 157.) But *Root* v. *Lownds,* and *Keenholts*

v. *Becker*, on examination, will be found scarcely to be so. Indeed both cases were cited by the court in the decision of *Gray* v. *Nellis*, (6 *How.* 290,) in support of the very doctrine we are contending for, namely, that "a repetition of the same words at other times and to other persons, may be proved for the purpose of showing malice." 2. But the whole difference between the two classes of cases turns, we submit, on whether or not, in actions for slander, proof of any *other* malice than such as is to be *inferred* from the falsity of the words charged to have been spoken—that is, whether or not, proof of *express malice*, in publishing the words counted on—may be given for the purpose of enhancing the amount of the recovery. In *Howard* v. *Sexton*, (*supra*,) such proof was held to form no part of the issue, and therefore not admissible in actions of this kind, except when founded on communications which are privileged; and if this be so, then the admissibility of proof showing a repetition of the slanderous words counted on, on other occasions and to other persons, cannot be maintained; otherwise, it can be. 3. Now in the more recent and fully considered case of *Fry* v. *Bennett*, (28 *N. Y. Rep.* 324,) the same court (in an action for libel, which is strictly analogous to an action for verbal slander) expressly decided that proof of "express malice" *was* admissible, "for the purpose of enhancing the damages," whether the action be founded on communications which are privileged, or otherwise; and consequently that, for the purpose of proving such express malice, in regard to the particular publication counted on, proof of the repetition of the charge, or any other act or language tending to prove such malice, is admissible. Standing therefore upon this proposition as established, we maintain that the above cited cases of *Kennedy* v. *Gifford*, and *Foster* v. *Inman*, are fully sustained, and consequently that Justice Dwight was also correct in receiving the evidence in question. (*a.*) Because *any* repetition of the same slanderous

charge which is counted on, in the particular case, showing deliberateness, necessarily becomes evidence of actual or express malice on the part of the defendant in making the particular publication counted on; equally so, whether it be a precedent or a subsequent repetition, or whether the repetition be before or after suit commenced; unless, indeed, the repetition in the latter case, as it argues greater persistency, may be regarded as evidence stronger, in the same degree, of the malice involved. (*b.*) Of course, in neither case is the repeated charge to be taken as the *ground* of recovery, but only as *evidence* of actual malice in the defendant in making the publication which *is* the ground of recovery in the particular case, and for which, therefore, corresponding damages are to be obtained. There can be no possible injustice in admitting this evidence, since it only enables the injured party to recover for the act sued for, precisely what he ought, whether he has or has not already recovered for a similar injury at the hands of the same party, in the past, or shall do so for a repetition of it in the future. Consequently, the possibility that such a recovery may be had for the future repetition, after it has, as evidence, contributed to a just recovery for a past one, is no impeachment of the justice of the rule which permits such evidence. (*Fowles* v. *Bowen,* 30 *N. Y. Rep.* 20, 23.)

III. The exception was not well taken to the rejection of the offer to prove by the defendant, when on the stand in his own behalf, that " it had been reported of the plaintiff," and the defendant " had frequently heard," that she was guilty of the crimes charged against her, before the speaking of the words proved; because, 1. Upon authority, "previous reports" are not admissible in evidence, either in justification or mitigation of the recovery otherwise due for the utterance of slanderous words, even where the offer is to show they were general. (*Mapes* v.

*Weeks,* 4 *Wend.* 659. *Inman* v. *Foster,* 8 *id.* 602. *Kennedy* v. *Gifford,* 19 *id.* 296. *Van Benschoten* v. *Yaple,* 13 *How.* 9. *Hotchkiss* v. *Oliphant,* 2 *Hill,* 510.) 2. This should be so ; otherwise, under unfounded reports, a malicious slanderer might defame his victim with impunity. 3. But the offer was not to show the reports *general;* only that the defendant had frequently heard the charge from others ; but from how many—whether from more than his mother and brother-in-law—does not appear. Manifestly not from many, since, if it were otherwise, the general character of the plaintiff could not have continued, as was proven, to be good. 4. Again; for previous reports to be receivable as evidence for *any* purpose for the defendant, it should appear at least that he believed them, and that it was in consequence of that belief that he spoke the words in question. Yet that was not included in the offer as, obviously, it could not be; for nothing can be plainer than that the defendant published the scandalous charge in question against the plaintiff, not because he was misinformed, but from sheer malice. The offer, in not including the proposition to show that the defendant believed the previous reports, was intrinsically defective. (*Gorton* v. *Keeler,* 51 *Barb.* 475.)

IV. The exceptions taken which relate to the charge to the jury are too indefinite, and cannot, for that reason, be maintained.

V. The amendment allowed, as it could by no possibility call for any different proof from either party, or take either by surprise, was clearly one that the court was authorized to make, and should have made, under section 173 of the Code. (*Van Ness* v. *Bush,* 14 *Abb.* 36. *Daguerre* v. *Orser,* 3 *id.* 86. *Hendricks* v. *Decker,* 35 *Barb.* 298. *Bedford* v. *Terhune,* 30 *N. Y. Rep.* 453. *Cayuga Co. Bank* v. *Warden,* 2 *Selden,* 19. *Catlin* v. *Gunter,* 11 *N. Y. Rep.* 368.)

*H. V. Howland,* for the defendant.

I. The court erred in permitting the plaintiff to amend her complaint upon the trial, after all the evidence had closed, by making her claim for damages $1000 instead of $500. (*Code,* § 173. *Dox* v. *Dey,* 3 *Wend.* 356. *Curtiss* v. *Lawrence,* 17 *John.* 111. *Corning* v. *Corning,* 6 *N. Y. Rep.* 97. *Bowman* v. *Earle,* 3 *Duer,* 691.) In this case, even if the court had the power or discretion to allow the amendment, it was improperly exercised. The amendment could not, in justice, be asked for, on the ground that the plaintiff had proved a stronger case, or greater damages than she supposed herself entitled to, when she drew her complaint and fixed her claim for damages, for she there alleges four causes of action, and only proved two causes of action. No ground or reason existed for the amendment, and it was an unprecedented exercise of power, and was equivalent to saying to the jury that the court was of opinion the plaintiff should receive more than $500, and they evidently so regarded it. Such a precedent would be unsafe to adopt, in trying actions of tort. (2 *Code Rep.* 66–87. 11 *Abb.* 381. 2 *Sandf.* 669. 31 *How.* 164. 1 *Wait's Dig.* 81.)

II. The questions asked the witness Jacob Gress, were improperly admitted by the court; and the court also erred in refusing to strike out his testimony. The proposition was to prove that the defendant had repeated the same charges, on other occasions than those alleged in the complaint, and even during the sitting of the court, to prove malice. We claim that this proposition in itself is unsound in principle, and it is quite time the court corrected this error, by their decisions; legal malice attaches to all slanderous words actionable *per se.* The law pronounces them wrongful, and therefore malicious. (*Howard* v. *Sexton,* 4 *Comst.* 157. But if a repetition of these identical words is held admissible for the purpose of proving malice, the law will certainly not extend the rule so far

that a witness may come upon the stand, and swear "that the same words were not used, but it was the same thing in substance," and have that stand as proof of a repetition of the same slanderous charges. The rule laid down in 4 *Comstock* is, that the repetition of the same words may be proved by way of imputing malice. Here the same words were not used, and the witness gives his opinion merely as to their substance, and the court refused to strike it out. This was clearly error. (*Howard* v. *Sexton*, 4 *Comst.* 161.)

III. The judge at the circuit erred in refusing to charge as requested, and also erred in his charge, in which he held that "whether the words were uttered with or without qualification, did not change the result;" and also in refusing to charge that if the words were uttered with the qualification sworn to by the defendant, it could not be taken in mitigation. The words testified to by the defendant were: "I said she could not say anything, because she had a child before she was married, if reports were true." These are the words, as he testified to them, and the court refused to tell the jury that if these words were so uttered by the defendant, it was no mitigation, but held if his version was the true one, it did not change the result. It is not strange they get a large verdict in this case. The qualification given to the words by the defendant made them no slander at all. It was no slander to say of her, "She had a child before she was married, if reports were true." The charge must be the crime of abortion. (3 *R. S.* 975, § 21, *5th ed.*) Again; the qualification testified to by the defendant, "if reports are true," she had a child, were mitigating, and the court erred in refusing so to charge the jury.

IV. The verdict is excessive, and so entirely disproportionate to the proof as to evidence passion, partiality or prejudice, on the part of the jury. True, these damages were matter of opinion for the jury, but the damages here given are such as to strike mankind, at first blush, as

beyond all measure. unreasonable and outrageous, and everything but the result of cool and candid judgment. And the verdict should, for that reason, be set aside.

*By the Court,* JOHNSON, J. The plaintiff was properly allowed to amend her complaint upon the trial, by enlarging her claim for damages. This did not in any respect alter the cause of action stated therein, or change the substantial rights of the parties as they existed previously. Its only effect was to enable the plaintiff to recover whatever damage she might establish by her proof, beyond what had been previously claimed. It was clearly a matter resting in the discretion of the justice at the trial, and no exception will lie to the exercise of such discretion. (*Vibbard* v. *Roderick*, 51 *Barb.* 616. *Bedford* v. *Terhune*, 30 *N. Y. Rep.* 453.)

It was also proper to allow the plaintiff, after giving evidence to prove the speaking of the actionable words alleged in the complaint, to prove the repetition of the same slanderous charge on other occasions, and subsequent to the commencement of the action. The true rule, I think, is that laid down by Gardner, J., in *Howard* v. *Sexton*, (4 *N. Y. Rep.* 157.) The plaintiff cannot prove the speaking of other and different actionable words, charging a different offense; but may prove the repetition of the same charge. This is allowed, not for the purpose of proving a general malicious feeling or intention, on the part of the defendant, toward the plaintiff, but to show the degree of malice with which the slander involved in the action was uttered. The repetition of the same charge was offered, and allowed for this purpose only.

The judge charged the jury that it did not change the actionable nature of the words, even if they were spoken with the qualification added by the defendant in his testimony—"if reports were true." The exception to this part of the charge is not well taken. The charge was

equally slanderous and actionable, whether made in that form or in the form stated by the plaintiff's witnesses. Nor could the mere fact of uttering the actionable charge in that form, go in mitigation of the damages. The request of the defendant's counsel was, that the jury should be charged that in case they found the words were uttered with that qualification, it might be taken in mitigation of damages. This was properly refused. The mere form in which a slanderous charge is uttered, has nothing to do with the question of damages. The motive, in making the charge, is an essential element in estimating damages. But that formed no part of the request or refusal.

These are the only points made by the defendant's counsel, except the point that the damages are excessive, which is clearly untenable. There is no error, and a new trial must be denied, and judgment ordered for the plaintiff, on the verdict.

[MONROE GENERAL TERM, March 7, 1870. *Johnson, E. D. Smith* and *J. C. Smith,* Justices.]