# SUPREME COURT.

## Trary Robinson agt. Rufus Hatch.

*Slander — pleading — complaint — answer — demurrer.*

In an action for slander, an answer which merely avers as a defense that all the statements made by the defendant respecting the plaintiff are true, is bad.

Where the truth of the slander is relied upon as a defense, the particulars must be alleged.

Where the words uttered are actionable *per se,* no allegation of malice in the complaint is necessary, because malice will be presumed.

In such a case, although malice is alleged in the complaint, an answer setting up by way of a defense that the communications were privileged need not allege that they were made without malice.

*Special Term, January,* 1875.

*Weeks & Forster,* for plaintiff.

*Henry S. Bennett* and *Adolphus D. Pape,* for defendant.

Van Brunt, *J.*— This is an action for slander. The answer of the defendant sets up by way of a second defense facts tending to show that the communications which constitute the slander complained of in the complaint were privileged communications, but does not allege that they were made without malice; and, for a third defense, the defendant avers that all the statements made by the defendant respecting the plaintiff are true. A demurrer was interposed upon the part of the plaintiff to these two defenses.

The case of *Wachter* agt. *Quenzer* (29 *N. Y.,* 547) seems

to hold directly that the third defense is bad, and that where the truth of the slander is relied upon as a defense the particulars must be alleged. The ground of the demurrer to the second defense, that there is no allegation in the defense, that the communications, although privileged, were not uttered maliciously, and that as malice is alleged in the complaint, such an allegation was necessary in the second defense. No case has been cited by the plaintiff's attorney to sustain this proposition. Where the words uttered are actionable *per se,* as in this case, no allegation of malice in the complaint is necessary, because malice will be presumed; but where the communication is a privileged one, there is no presumption of malice, and it must be expressly proved to the satisfaction of the court by the plaintiff. The defendant, when he has established that the communication complained of was a privileged one, has made out a perfect defense, and must succeed unless the plaintiff shows that it was made with malice (*Van Wyke* agt. *Aspinwall,* 17 *N. Y.,* 190; *Fowler* agt. *Rowen,* 30 *id.,* 20; *Ormsby* agt. *Douglas,* 37 *id.,* 477).

This being the case, it is apparent that the defendant need not allege that which he is not called upon to prove in the first instance, in order to make out his defense. The fact that the plaintiff has alleged in his complaint that the words were uttered maliciously does not alter the question of pleading, as that allegation adds nothing to the weight of the complaint, the words themselves being actionable *per se.* The demurrer must be sustained as to the third defense and overruled as to the second.