JOHN TURTON, Respondent, *v.* NEW YORK RECORDER COMPANY, Appellant.

Plaintiff was a member of a New York firm, and in the interest of his firm lived a part of each year in Savannah, Ga. Defendant, the publisher of a newspaper in New York, published in that paper an article headed "Savannah, Ga.," which stated that plaintiff "has left the city with §8,500 of the Southern Bank's money;" that he "left Savannah on Sunday night, and it is supposed went to New York." In an action for libel, *held*, that the article was libelous *per se*, and so an innuendo explaining its meaning and application was not necessary ; and that the trial court did not err in refusing to submit its meaning and application to the jury.

The complaint alleged that by reason of the publication plaintiff has been "held up to the public, his business acquaintances and friends as a thief and a dishonest and untrustworthy man." *Held*, that if an innuendo was necessary this was sufficient.

The answer of the defendant alleged "the general commercial and personal reputation of plaintiff was such that he was not injured by such publication." At the commencement of the trial defendant's counsel asked and was granted permission to set up a justification of the charge contained in the article, and it was stipulated that the answer be deemed to be so amended. No proof was given or offered, however, to sustain the justification; on the contrary it was proved that plaintiff never had any money of said bank, and the article was published without any inquiry of plaintiff or his firm, or any one, as to the truth of the charges. *Held*, that the publication was properly characterized by the court in its charge as made "wantonly, recklessly and with an utter disregard as to whether it was true or false."

It was admitted on the trial that seventeen days after the commencement of the action defendant's attorney wrote a note to plaintiff's attorney offering to publish in said newspaper any retraction of the article published which the latter would write, and that the offer was refused. The court charged that this could not be considered in mitigation of damages. *Held*, no error ; that the offer and refusal was a transaction between defendant and plaintiff's attorney which did not concern plaintiff; also, that the mere offer to publish a retraction, without doing so, gave defendant no benefit or advantage.

*It seems*, where an action for libel is commenced, without any request from plaintiff for a retraction of the libelous charge, if defendant promptly thereafter publishes a fair and full retraction, this may be proved and submitted to the jury in mitigation of damages.

*Evening News Assn.* v. *Tyron* (42 Mich. 549), distinguished and questioned. Reported below, 3 Misc. Rep. 314.

(Argued December 4, 1894; decided December 11, 1894.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 10, 1893, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

This was an action for libel.

In September, 1891, and for some years prior thereto, the plaintiff was a member of the firm of John Turton's Sons, doing business in the city of New York as exporters and dealers in rosin and turpentine. The plaintiff passed a part of each year in Savannah, Ga., looking after the interests of his firm there. In the afternoon of September 14th, 1891, he, being then in Savannah, was informed by telegram that his firm was in financial difficulty, and was requested to come to New York immediately. He left that night and was at his firm's office in the city of New York on the 16th, 17th and 18th days of September. On September 17th the defendant published in the city of New York in the newspaper called the *Recorder* the following article:

"SAVANNAH, Ga., Sep. 16.—John Turton, a well-known naval stores operator, has left the city with $8,500 of the Southern Bank's money. Turton drew on his New York firm on Monday through the Southern Bank and the draft was not honored. Yesterday the New York house failed. Mr. Turton left Savannah on Sunday night, and it is supposed went to New York.. He has been here for several years."

On September 18th the plaintiff's firm failed and made an assignment for the benefit of its creditors.

The plaintiff, claiming that the article published was libelous, on the 30th day of September commenced this action to recover damages for the libel. The answer of the defendant, after some denials, alleged that "the general commercial and personal reputation of the plaintiff was such that he was not injured by such publication," and further alleged in mitigation of damages that the article was published without malice and with the belief that the same was true in all respects;

that it was received by the defendant in the form of a dispatch from a regular news agent in Savannah; that at the time the dispatch was received and published it had no acquaintance with or knowledge of the plaintiff or his firm, and had no feeling of malice or ill-will toward him or any member of his firm ; that the article was published as an item of public news, without malice, believing the same to be true.

The action was brought to trial and the plaintiff recovered a verdict of $5,000. From the judgment entered upon the verdict the defendant appealed to the General Term, where the judgment was reduced to $3,000, and he then appealed to this court.

*William H. Stayton* for appellant. The complaint should have been dismissed for want of an innuendo. (*Holt* v. *Scholefeld*, 6 T. R. 691; *Bartholomew* v. *Bentley*, 15 Ohio, 670 ; *Van Vechten* v. *Hopkins*, 5 Johns. 221; *Foster* v. *Browning*, Cro. Jac. 688 ; *Dottarer* v. *Bushey*, 16 Penn. St. 204; *Lukeheart* v. *Byerley*, 53 id. 418; *McGregory* v. *Gregory*, 11 M. & W. 287.) The court, having ruled that no innuendo was necessary, should have left to the jury the question as to the meaning of the publication. (*Saunderson* v. *Caldwell*, 45 N. Y. 398; *Dexter* v. *Taber*, 12 Johns. 240; *Van Vechten* v. *Hopkins*, 5 id. 221.) The court erred in charging the jury that this was a case for exemplary damages. (*Moore* v. *M. N. Bank*, 51 Hun, 472.) The court erred in charging that the article was published " wantonly, recklessly and with an utter disregard as to whether it was true or false." (8 N. Y. 462.) The court erred in charging that the defendant's offer to retract could not be considered in mitigation of damages. (*Daly* v. *Byrne*, 77 N. Y. 182; *Inman* v. *Foster*, 8 Wend. 602; *Lyon* v. *E. N. Assn.*, 42 Mich. 549; *Titus* v. *Sumner*, 44 N. Y. 266.)

*Lawrence E. Embree* for respondent. Defendant's motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, *i. e.*, in that it did not contain an innuendo, was properly denied. (*Rode-*

*burg* v. *Hollingsworth,* 6 Ind. 339; *Worth* v. *Butler,* 7 Blackf. 251; *Roella* v. *Follow,* Id. 377; *Bourreseau* v. *D. E. Journal,* 30 N. W. Rep. 376; *Elam* v. *Badger,* 23 Ill. 488; *Forbes* v. *King,* 1 Dowl. P. C. 672; *Hoare* v. *Silverloch,* 12 Ad. & Ell. [N. S.] 624.) There were no errors as to the evidence. (Townshend on Slander & Libel [4th ed.], §§ 390, 391; *Tillotson* v. *Chestham,* 3 Johns. 56; *Larned* v. *Buffington,* 3 Mass. 546; *Howe* v. *Perry,* 15 Pick. 506.) There were no errors in the charge. (Penal Code, § 242; *Ellis* v. *People,* 21 How. Pr. 356; *Schile* v. *Brokhahus,* 80 N. Y. 614; *McGinley* v. *U. S. L. Ins. Co.,* 77 id. 495; *People* v. *Livingston,* 79 id. 279; *Walsh* v. *W. Ins. Co.,* 32 id. 440; *Moore* v. *Francis,* 121 id. 199; *Snyder* v. *Andrews,* 6 Barb. 43; *Hunt* v. *Bennett,* 19 N. Y. 173; *Lewis* v. *Chapman,* 16 id. 369; *Kingsbury* v. *B. Co.,* 116 id. 211; *Dwight* v. *G. L. Ins. Co.,* 103 id. 241; *People* v. *Coots,* 8 id. 67; *Wilds* v. *H. R. R. Co.,* 24 id. 430; *McKeever* v. *N. Y. C., etc., R. R. Co.,* 88 id. 667; *Mayer* v. *Deen,* 115 id. 556; *Sanderson* v. *Caldwell,* 45 id. 398; *Shelley* v. *S. P. & O. Assn.,* 38 Hun, 474; *Grebel* v. *R. P. Co.,* 60 Hun, 319; *Morey* v. *M. J. Assn.,* 123 N. Y. 207; *Hartman* v. *M. J. Assn.,* 19 N. Y. Supp. 399; *Morrison* v. *Press Pub. Co.,* 14 id. 131; *Bergmann* v. *Jones,* 94 N. Y. 51; *Samuels* v. *E. M. Assn.,* 75 id. 51; *Millard* v. *Brown,* 35 id. 237; *Taylor* v. *Church,* 8 id. 452; *R. R. Co.* v. *Arms,* 91 U. S. 489; *Hotchkiss* v. *Oliphant,* 2 Hill, 510.) There were no errors in the refusal to charge as requested by the defendant. (*Hamilton* v. *Eno,* 81 N. Y. 116; *Bergmann* v. *Jones,* 94 id. 51; *Littlejohn* v. *Greeley,* 13 Abb. Pr. 41; *Moore* v. *M. N. Bank,* 123 N. Y. 420; *Bush* v. *Prosser,* 11 id. 347; *Hatfield* v. *Lasher,* 81 id. 249; *Cooper* v. *Barber,* 24 Wend. 105; *Bisbly* v. *Shaw,* 12 N. Y. 67.) The damages awarded were not excessive. (*Smith* v. *S. P. Co.,* 50 Fed. Rep. 399; *Rutherford* v. *M. J. Assn.,* 47 id. 487.)

EARL, J. It was claimed upon the argument before us that the alleged libelous article was of doubtful meaning and not

necessarily libelous *per se*, and that, therefore, there should have been an innuendo in the complaint alleging its meaning and application. If an innuendo was necessary we find it in substance in the complaint, in which it is alleged that by reason of the publication the plaintiff has been " held up to the public, his business acquaintances and friends as a thief and a dishonest and untrustworthy man." But we do not think the article is ambiguous. It is to be construed as it would ordinarily be understood by people generally, and we think no person of ordinary ability and intelligence could fail to understand it to charge the plaintiff with dishonestly and wrongfully, if not feloniously, obtaining $8,500 of the Southern Bank's money, and going in the night with it out of the state to the city of New York. We think the trial judge did not err in holding that the article was libelous *per se* and refusing to submit its meaning and application to the jury.

At the commencement of the trial, the defendant requested permission to amend its answer so as to set up a justification of the charge contained in the alleged libelous article. The plaintiff's attorney making no objection to such amendment, it was then stipulated that the answer might be deemed amended so as to set up a justification of the charge.

Upon the trial, there was no evidence whatever impugning the good reputation of the plaintiff, but, on the contrary, his character and reputation were shown to be good. No proof whatever was given or offered upon the trial to sustain the plea of justification. On the contrary, it was proved by uncontradicted evidence that the plaintiff, at the time he left Savannah, did not have a dollar of the money of the Southern Bank, and that he never had had, and that he had never in any way wronged that bank. There was, therefore, nothing for submission to the jury but the question of damages, and all the objections made to evidence during the progress of the trial became wholly immaterial.

It is said that the trial judge, in his charge to the jury, gave an incorrect definition to the word libel. That is wholly unimportant, as the article was, as matter of law, libelous.

We think, however, that the criticism of the counsel for the defendant upon the charge in that respect is hypercritical, and that the learned trial judge defined libel with substantial accuracy.

The court did not transcend the bounds of a proper judicial discretion in saying to the jury that the article was published "wantonly, recklessly, and with an utter disregard as to whether it was true or false." The article came to the defendant, and it was in such haste to publish it that it made no inquiry whatever of the plaintiff or his firm, or of any one else, as to the truth of the charges made therein, and so its publication was properly characterized by the trial judge.

Upon the trial, plaintiff's attorney admitted that on October 17th, seventeen days after the commencement of the action, defendant's attorney wrote him a note offering to publish in the *Recorder* any retraction of the article that plaintiff's attorney would write, which offer was declined by the attorney, and the court charged the jury that this fact thus admitted could not be considered in mitigation of damages. The claim is now made on the part of the defendant that in this regard the trial judge committed error. The defendant did not publish any apology or retraction. It simply made an offer to the plaintiff's attorney to publish any retraction that he would write. The writing of such a retraction would not have been within the line of the duty of plaintiff's attorney as attorney in the action. If the defendant had procured him to write the retraction he would have acted as its agent, and not as the agent of the plaintiff. The plaintiff would in no way have been responsible for any thing that was written by the attorney in response to the offer, and can in no way be affected by the refusal of the attorney to write. The offer and refusal was a transaction between the defendant and the plaintiff's attorney which did not legally concern the plaintiff. But even if the defendant could have had the benefit of a retraction published after the commencement of the action, the mere offer to publish it gave it no benefit or advantage. It should have published the retraction in good

faith promptly upon the commencement of the action, and then it would have been in a position to claim whatever benefit could legally flow from such publication. We are not prepared to say that a retraction published in good faith after the commencement of an action for libel can under no circumstances be proved in mitigation of damages. Where the suit was commenced as this was, without any request for the retraction of the libelous charge, if the defendant promptly after the suit was commenced published a fair and full retraction, we see no reason to doubt that such publication could be proved and submitted to the jury to be considered by them upon the question of exemplary damages. Under such circumstances a retraction after suit brought may be as valuable and effective as one published before, and there is the same reason for the submission to the jury of the one as the other.

It is the prevailing doctrine that the reiteration of a libel or slander after suit brought may be proved on the question of malice and damages, probably with this qualification, however, that the cause of action for the reiteration has been barred by the Statute of Limitations, or that the language subsequently reiterated is for some other reason not actionable. The authorities upon this point are not harmonious. (Townshend on Slander and Libel [4th ed.], 653, *et seq. ; Stuart* v. *Lovell*, 2 Stark. 84; *Thomas* v. *Croswell*, 7 Johns. 264; *Inman* v. *Foster*, 8 Wend. 602; *Keenholts* v. *Becker*, 3 Den. 346; *Root* v. *Lowndes*, 6 Hill, 518; *Johnson* v. *Brown*, 57 Barb. 118; *Thorn* v. *Knapp*, 42 N. Y. 474; *Titus* v. *Sumner*, 44 id. 266; *Bassell* v. *Elmore*, 48 id. 561; *Frasier* v. *McClosky*, 60 id. 337; *Daly* v. *Byrne*, 77 id. 182; *Cruikshank* v. *Gordon*, 118 id. 178.) No case holds that a repetition of a libel or slander after suit brought is in its nature not competent evidence on the question of malice and damage, and whenever it has been excluded as evidence it has always been upon the ground that it was an independent cause of action, and thus, if such evidence were received, that there would be danger of a double recovery. In *The Evening News Assn.* v. *Tyron* (42 Mich. 549) it was held that a retraction of

a libelous article published after suit is begun for the libel cannot be considered in mitigation of damages. That case does not appear to have been much considered, and there the retraction seems to have been published long after the suit was begun. If the plaintiff can give in evidence language published or uttered subsequently to the commencement of the action for the purpose of aggravating damages, it seems quite reasonable that the defendant ought to be permitted to give in evidence a fair and honest retraction of the charges promptly made subsequently to the commencement of the action in mitigation of damages.

But for reasons stated the trial judge was right in holding that the mere offer to publish such a retraction as plaintiff's attorney would write was incompetent for any purpose. The defendant's offer to publish a retraction and to make what reparation to the plaintiff it could seems not to have been very sincere. It alleged in its answer, in substance, that the plaintiff's reputation was so bad that he could not be injured by the publication, and yet did not give a particle of evidence to sustain the averment. Even upon the trial, after it knew all the facts and that the charge contained in the article published by it was utterly without foundation, it amended its answer by setting up a justification of the charge, and then made no attempt whatever to prove the justification.

We find no error in the record, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.