### AMERICAN FARM CO. v. RURAL PUB. CO.

(Supreme Court, Appellate Division, First Department.   January 16, 1903.)

1. LIBEL—ANSWER—IRRELEVANT MATTER—MOTION TO STRIKE.

 In an action by a corporation to recover damages for alleged libels as to its business methods and responsibility, allegations in the answer setting up, as matter of justification, and also in mitigation of damages, that one W. was the principal promoter of the corporation, and was its president; that he had been engaged in business personally, and had failed; that he had promoted various other corporations of the same general character as plaintiff, which had failed, etc.,—are not so clearly irrelevant as to justify their being stricken out on motion.

 Laughlin, J., dissenting.

Appeal from special term, Erie county.

Action by the American Farm Company against the Rural Publishing Company.   From an order striking out portions of the answer as irrelevant, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

M. Edward Kelley, for appellant.
Henry W. Hill, for respondent.

INGRAHAM, J.   This action is brought to recover damages for a libel contained in the publication by the Rural New Yorker, a newspaper published by the defendant.   The pleadings are extremely voluminous, and it is only necessary to make a general statement of their contents.   There are eight separate causes of action in the complaint, and damages are sought for eight separate libels.   The

complaint alleges that the plaintiff is a foreign corporation existing under the laws of the state of New Jersey, and has been since January 2, 1901, engaged in manufacturing and selling silos, buying and selling seeds and grains, and in promoting the organization of cooperative receiving and distributive depots, granaries, and warehouses in the state of New York and elsewhere. The libels against the plaintiff corporation relate generally to its business methods and its responsibility. The answer, after containing specific allegations as to each of the separate causes of action, alleges a separate and distinct defense to each and all of the eight alleged separate causes of action in the complaint, and, in justification of the alleged libelous matters therein set forth, that one Woodruff was the principal promoter and organizer of said company, and is now its president, and the largest owner therein; that one McCall is treasurer and one Fries is secretary of the company, and the answer then contains certain allegations as to Woodruff's prior business career; that he had been personally engaged in business, and failed, and become insolvent, and unable to pay his debts; that he had organized other corporations of the same general character as the plaintiff, and had organized or promoted various corporations named for the purpose of enabling him to escape the payment of his debts and continue in business operations, although personally insolvent; that these other corporations organized by him, under his management and control, became insolvent, and unable to pay their debts, and that he subsequently organized the plaintiff corporation for the same purpose; that the organization of each of the corporations before mentioned, including the plaintiff corporation, was part of one general scheme and plan on the part of the said Woodruff and certain persons whom he associated with himself, and who were under his control and direction, to enable him to carry on the business mentioned in the state of New York and elsewhere, in fraud of his creditors and the creditors of these other corporations; that among the other corporations organized by the said Woodruff was one called the "American Experiment Farm, Fine Stock and Seed Company"; that the capital stock of that corporation did not represent any real value, and never had any real value; that it had no business or good will of any value; that upon the organization of the plaintiff corporation Woodruff nevertheless caused large amounts of its capital stock, aggregating over 9,000 shares, to be issued for the alleged capital stock, property, and assets and good will of the said American Experiment Farm, Fine Stock and Seed Company, and for other alleged property, and holds and controls said stock as fully paid-up stock, although the same was issued for little or no value, whereby he is enabled to control the plaintiff, its business and affairs. These allegations of the answer were stricken out on motion as irrelevant.

The general nature of the charges contained in these libels relates to the financial responsibility of the plaintiff corporation, as well as to the business methods adopted by it. To justify these libels, the defendant would be compelled to show that the plaintiff was financially irresponsible, and its stock of little or no value. Any facts alleged tending to show that the plaintiff corporation is not finan-

cially responsible, or would not be able to respond to its obligations to those who contract with it, or that those who subscribed to its stock would not obtain any substantial value by their subscription, are facts properly alleged as a part of the justification for the libel. We are not now concerned with the question whether or not this defense as a whole is a sufficient justification for the libel published. The court has stricken out certain allegations of fact which are alleged as a part of a defense of justification upon the ground, as stated by counsel for the respondent, that no facts in relation to the promoters or organizers of this corporation are binding on the corporation. While this may be true in a sense, all facts tending to show that the corporation is not financially responsible, or that, in consequence of its organization, and the nature of the consideration which has been paid for the stock issued by it, its stock is of little value, and that those subscribing for stock in the corporation will lose by their subscription, go to justify the charge contained in the libel. We have several times called attention to the care that the special term should exercise in entertaining motions to strike out allegations in an answer in actions of this character, as the question of what evidence is admissible to sustain a defense of justification can be much more satisfactorily passed upon at the trial than on such a motion. The plaintiff, being a corporation, may maintain an action for libel without proof of special damage, where the language used is defamatory in itself and directly affects its pecuniary interest; and it is to recover for such damages that this action is brought. These charges would be libelous per se as against this corporation as affecting its financial standing and the value of its stock for which it was soliciting subscriptions. In justification the defendant would be entitled to allege any fact which would tend to prove that these shares of stock were valueless, or that the financial condition of the company was not such as to justify a person making a contract with it; and we are not prepared to say, in view of this charge, that these allegations which are stricken out are irrelevant. In such a case the proper practice is to allow them to remain in the answer, the question as to competency of the facts alleged to be passed on at the trial. We think, therefore, that the facts alleged, and which were stricken out by the court below, are not so clearly irrelevant as would justify their being stricken from the answer upon motion, and the question of their relevancy should be reserved to be passed upon when the case is tried. The court below has also stricken out the same allegations of the answer when realleged as a special defense in mitigation of damages. What we have said also applies to this motion. We think the question as to whether these facts are competent in mitigation of damages should be passed upon at the trial.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

VAN BRUNT, P. J., and PATTERSON and HATCH, JJ., concur. LAUGHLIN, J., dissents.