(42 Misc. Rep. 74.)

### DINKELSPIEL v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Special Term, New York County. December, 1903.)

1. LIBEL—ANSWER—GENERAL DENIAL.

Plaintiff sued for libel for maliciously publishing testimony alleged to have been given by him as a witness in an action for divorce between third parties, in which it was claimed that he testified that he had been expelled from a club for cheating at cards. The answer set up defense of privilege, and as a partial defense matter in mitigation. *Held* that, a general denial not being a defense in an action for libel, the first defense cannot properly begin by denying every allegation of the complaint except that defendant is a corporation.

2. SAME.

In an action for libel, denial of each and every allegation of the complaint is not a proper part of the partial defense in mitigation and reduction of damages, though defendant may deny therein that the publication was malicious.

3. SAME.

Where defendant is sued for libel in publishing alleged admission of a witness in a suit that he had been expelled from a club for cheating in cards, defendant may restate in his answer, by reference to the publication, the testimony alleged to have been given at the trial of the action and incorporated in the first defense pleaded by him.

4. SAME—EVIDENCE.

Where plaintiff sues for libel in publishing a statement that as witness in a divorce suit he admitted that he had been expelled from a club for cheating at cards, testimony that he had acted as a spy on a friend's wife to secure evidence against her cannot be pleaded in mitigation of damages.

5. SAME—MITIGATING CIRCUMSTANCES.

In action for libel mitigating circumstances set up to negative the malicious motive must have been known to defendant at the time of the publication.

6. SAME—PARTIAL DEFENSE.

In an action for libel for publishing of plaintiff that he had been expelled from a club for cheating at cards, an allegation of a partial defense that a committee of the club tried plaintiff for and acquitted him of the charge of cheating at cards is relevant on the question of damages.

7. SAME—RETRACTION.

In action for libel an offer of defendant to publish a retraction may be pleaded in partial defense, if the offer was made before commencement of the action.

8. SAME—AMENDED ANSWER—SERVICE.

Where certain parts of an answer are stricken out so that it is materially reformed, the order to strike out should direct service of an amended answer.

Action by Edward Dinkelspiel against the New York Evening Journal Publishing Company. Motion to strike out parts of answers to the complaint. Granted in part.

Paul L. Kiernan, for plaintiff.
Clarence J. Shearn, for defendant.

CLARKE, J. The action is to recover damages for an alleged libel published by the defendant in reporting part of the testimony given

¶ 5. See Libel and Slander, vol. 32, Cent. Dig. § 159.

by the plaintiff while a witness in an action for divorce in this court. The words complained of are as follows: "Dinkelspiel also admits club expelled him for cheating at cards. * * * Were you expelled from a club in the upper part of this state for cheating at cards? A. Yes, sir." Motion is made to strike out as irrelevant and redundant several paragraphs of the answer which consists of a defense of privilege and a plea in mitigation and reduction of damages. The answer begins by alleging, "As a first defense: (1) That the defendant denies each and every allegation contained in the complaint, except," etc. Then follows an admission that the defendant is a corporation. Paragraph 2 sets out the testimony given at the trial. Paragraph 3 contains the full report. of the testimony published by the defendant. Paragraph 4 alleges that the article is a substantially true report, was published without malice, and that the publication was privileged. Plaintiff moves to strike out paragraph 1.

An answer must contain (1) a general denial or specific denial; (2) a statement of any new matter constituting a defense or counterclaim. Code Civ. Proc. § 500. A general denial is not a defense, and should not be pleaded as such. Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Cruikshank v. Press Pub. Co., 32 Misc. Rep. 164, 65 N. Y. Supp. 678, affirmed 59 App. Div. 620, 69 N. Y. Supp. 1133; State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362. The defendant urges that it is necessary that these details should stand, because he must plead all necessary allegations in each defense. It is well settled that each separate affirmative defense must be treated as a separate plea, must be complete in itself, and that every allegation of the complaint not denied therein is admitted. Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Eells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531. But the general denials alleged are not a necessary or proper part of the defense of privilege. Privilege admits the publication and justifies the same as expressly authorized by the Code of Civil Procedure, § 1907. The defendant contends that it is necessary to deny the allegation of malice. It has been held that malice is presumed when words are actionable per se, and, although expressly alleged in the complaint, need not be denied in a defense of privilege. Robinson v. Hatch, 55 How. Prac. 55. If such denial be necessary in the statutory defense the defendant is not prejudiced by striking out paragraph 1, for it is alleged in paragraph 4 that the article "was published without malice." A repitition of this denial is clearly redundant.

The "separate and partial defense and both in mitigation and reduction of damages" begins with paragraph 5, which plaintiff moves to strike out. This paragraph incorporates by reference paragraphs 1 and 2. The general denials in paragraph 1 are not properly a part of the plea in mitigation and reduction of damages, but the defendant may deny that the publication was malicious. The defendant in this plea, by not expressly denying, admits, the publication, and, as it may be relevant to show the source of the matter published, it should be permitted to restate the contents of the testimony contained in paragraph 2, and it may do so by reference. White v. Koster, 89 Hun,

483, 485, 35 N. Y. Supp. 369. In part of this alleged testimony the plaintiff admits that he acted as a spy upon a friend's wife to secure evidence against her. In paragraph 6 the defendant sets forth the time and manner of plaintiff's acting as a spy. The plaintiff moves to strike this out. In an action to recover damages for personal injury the defendant is precluded from proving mitigating circumstances unless they are set forth in the answer. Code Civ. Proc. § 536. For this reason it has been held that "the rules by which the sufficiency of pleading is ordinarily determined, namely, materiality and relevancy, cannot be applied in all their strictness to a partial defense by way of mitigating circumstances." Bradner v. Faulkner, 93 N. Y. 515; American Farm. Co. v. Rural Pub. Co., 78 App. Div. 268, 79 N. Y. Supp. 911; Morgan v. Bennett, 44 App. Div. 323, 60 N. Y. Supp. 619; Palmer v. Palladium Printing Co., 16 App. Div. 270, 44 N. Y. Supp. 675. In Hatch v. Matthews, 85 Hun, 522, 33 N. Y. Supp. 332, the court says:

"Where there is a semblance of a cause of action or a defense set up in a pleading, its sufficiency cannot be determined on motion to strike it out as redundant or irrelevant. Walter v. Fowler, 85 N. Y. 621; Hagerty v. Andrews, 94 N. Y. 195. Such a motion should be granted only where no doubt exists of the irrelevancy charged, and where there is evidence that its retention would embarrass the opposite party."

In view of the care which should be exercised by the Special Term in entertaining motions to strike out allegations in a plea of this character, I have searched for authority and looked for reason on which the allegation might be deemed relevant. I am unable to find any. In my opinion, it is clearly irrelevant, and, as the defendant could refer to it upon the trial in the opening of counsel (McFadden v. Journal, 28 App. Div. 512, 51 N. Y. Supp. 275), it would be prejudicial to the plaintiff, and must be stricken out. "In an action for defamation two classes of facts are pleadable and provable in mitigation of damages: First, such as impeach the character of the plaintiff; secondly, such as tend to negative the malicious motive of the defendant." Witcher v. Jones (Com. Pl.) 17 N. Y. Supp. 491, affirmed on opinion below 137 N. Y. 599, 33 N. E. 743. The fact that the plaintiff had at a certain time and in a certain place spied upon another man's wife to secure evidence against her may not be shown to reduce damages by attacking the character of the plaintiff. It is the long-established rule that in reduction of damages for libel the defendant may show the general bad character of the plaintiff, but may not show particular instances of misconduct. Root v. King, 7 Cow. 613; Hilton v. Carr, 40 App. Div. 491, 58 N. Y. Supp. 134; Wuensch v. Morning Journal Ass'n, 4 App. Div. 110, 38 N. Y. Supp. 605; Greenl. Ev. § 55; Townsh. Sland. & Lib. (4th Ed.) §§ 406–408. It is therefore clear that the plea is not relevant to impeach character. It is equally clear that it is not relevant to negative malicious motive. That plaintiff acted as a spy does not tend to prove the truth of the alleged libel of expulsion for cheating at cards. It is not a partial justification. In this plea the defendant only admits the publication set forth in the complaint, namely, that plaintiff was expelled. The whole newspaper

article is not set forth, and there is no reference to any publication that plaintiff acted as a spy. The allegation is in no way connected with or bears upon the defamatory charge. But, even were the whole article published before the court, the facts alleged in this paragraph would be irrelevant, for it does not appear that they were known to the defendant at the time of publication. Mitigating circumstances set up to negative malicious motive must have been known to the defendant at the time of the publication, and induced a belief of its truth. Mattice v. Wilcox, 147 N. Y. 634, 42 N. E. 270; Hamilton v. Eno, 81 N. Y. 116; Morse v. Press Pub. Co., 63 App. Div. 64, 71 N. Y. Supp. 348; Townsh. Sland. & Lib. (4th Ed.) §§ 361, 604.

The plaintiff also moves to strike out paragraph 7, which alleges that charges were preferred against the plaintiff for cheating at cards, that he was tried by committee of the club, and that the committee announced its decision that the charges had not been proven. This bears directly on the subject-matter of the alleged libel, and may possibly be relevant on the subject of damages. There being a question as to its relevancy, the court will not strike it out. For the same reason the motion to strike out paragraph 11, in which defendant alleges that it offered to publish a retraction, is also denied. In the case relied on by the plaintiff (Turton v. New York Recorder Co., 144 N. Y. 151, 38 N. E. 1009) it is held that an offer to retract, made 17 days after commencement of the action, may not be shown in mitigation of damages. No case is submitted wherein it is held that an offer to retract, before the commencement of the action, would not be admissible. It does not appear from the allegation in the answer whether the offer was made before or after the commencement of the action, and, there being doubt as to its relevancy, the pleading must stand. The motion is granted to strike out paragraphs 1 and 6, and paragraph 5 in so far as it reiterates the allegations in paragraph 1, with the exception of a denial that the publication was malicious. The motion to strike out the remaining part of paragraph 5 and paragraphs 7 and 11 is denied. As the pleading is materially reformed by striking out parts, the order should direct service of an amended answer (Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540) 10 days after service of order. Settle order in conformity herewith on notice. No costs.

Ordered accordingly.