jecting front in question, such authorization would have justified the defendant in erecting his building, and the projecting front would not be a public nuisance. There are no ornaments, projections, or permanent structures connected with the plaintiffs' premises of such a character as to deprive them of the right to maintain this action.

The plaintiffs, therefore, are entitled to a judgment that the said projected front is a public and private nuisance; that the plaintiffs have suffered, by reason of the construction and maintenance of such projected front, damages in the sum of $———; and that the defendant must remove said projected front and be restrained from constructing the same beyond the street line.

Ordered accordingly

(52 Misc. Rep. 207)

### DALZIEL v. PRESS PUB. CO.

(Supreme Court, Special Term, New York County. December, 1906.)

1. PLEADINGS—MOTION TO STRIKE.

Where evidence of facts pleaded in allegations sought to be stricken out has any bearing on the subject-matter, the motion should be denied.

2. LIBEL—EVIDENCE—ADMISSIBILITY.

In an action for libel, evidence of prior publications of the same matter in newspapers other than defendant's to the same effect, and of defendant's knowledge thereof before publication of the matter by defendant, is relevant on the question of exemplary damages.

3. SAME—OFFER TO RETRACT.

In an action for libel, evidence of an offer to retract defamatory matter at any time before trial is admissible to negative malice and on the question of exemplary damages.

4. EVIDENCE—ADMISSIONS—OFFER OF COMPROMISE—OFFER TO RETRACT LIBEL.

In an action for libel, evidence of an offer to retract is not inadmissible within the rule excluding evidence of admission by way of compromise.

Action by Frederick Y. Dalziel against the Press Publishing Company for liability. Motion to strike out certain partial defenses as irrevelant and redundant. Motion denied.

Parker, Hatch, & Sheehan, for plaintiff.
Bowers & Sands, for defendant.

O'GORMAN, J. Action for libel. Motion to strike out certain partial defenses as irrelevant and redundant.

The prior publications in other newspapers appear to refer generally to the same incident, and, having been known to the defendant before the publication complained of, are relevant on the question of exemplary damages. Palmer v. Matthews, 162 N. Y. 102, 56 N. E. 501. That defendant's article differs from the others in some respects does not make the latter any the less relevant. The discrepancies may properly be matter of comment before the jury, but do not in themselves make the articles inadmissible. The offer to retract, made three months after the publication and two months after suit brought, is also relevant in mitigation of damages. In my opinion an offer to retract is relevant, even though made a long time subsequent to the publication of the al-

leged libel. An offer to make amends is very significant in considering the motive of the offending party. There is only a difference of degree between an offer to retract and the retraction itself. One may be more beneficial to the victim of a libel than the other; but the test as to the relevancy of the evidence is not whether it aids the plaintiff, but whether it tends to disprove a wanton or malicious disposition on the part of the defendant. Even a prompt retraction may not benefit the injured person. Thousands may read a libelous article and never notice its refutation. A belated retraction may but revive the scandal, and thus aggravate rather than mitigate the original injury. This, however, should be left to the determination of the jury, as it bears upon the motive of the defendant. Such testimony is not received in mitigation of plaintiff's injury. His actual or compensatory damage cannot be reduced, however innocent the defendant or laudable his motives. But, in determining whether they will award additional damages—designated punitive or exemplary—and, if so, to what extent, the jury must take into consideration all facts which may legitimately tend to disprove actual malice. I think, therefore, that a retraction or an offer to retract, made at any time before the trial, is admissible, although the value of the evidence with the jury may depend upon the promptness with which the act of reparation is done after the newspaper is advised of its error.

In Evening Post v. Voight, 72 Fed. 885, 19 C. C. A. 224, the defendant made an offer to retract which was received in evidence; and, in affirming the judgment, the Circuit Court of Appeals said:

"Read by itself the defendant's letter might have been construed as a voluntary proposition to afford the plaintiff an opportunity to vindicate himself. This would have indicated a kindly disposition towards him, and to that extent would have repelled any inference of malice in fact."

In Turton v. N. Y. Rec. Co., 144 N. Y. 144, 38 N. E. 1009, the exclusion of the offer to retract seems to have been put upon the ground that it was made, not to the plaintiff, but to his attorney, who had no authority to entertain it. On principle, the admissibility of evidence as to defendant's good faith should not be dependent upon the proffered retraction being addressed to the plaintiff rather than to his attorney in a pending suit where the libel is the subject-matter of the litigation. In either event it is a circumstance tending to negative the presence of malice. It may be difficult to understand the theory upon which such a result was reached in that case, or to reconcile it with other views expressed in the opinion of the court.

However, that case, in its facts, is distinguishable from the one now under consideration, and is not decisive of the question raised upon this application. Upon its face, defendant's offer to retract does not appear to be part of an attempted settlement, and is not within the rule excluding evidence of admissions made by way of compromise. This rule is intended to protect admissions made to the adverse party while negotiating an adjustment of a controversy, and is wholly inapplicable here, since no effort is made by the defendant to make use of admissions, if any, made by the plaintiff. Slingerland v. Norton, 58 Hun, 578, 12 N. Y. Supp. 647. All the circumstances recited in the defend-

ant's partial defenses bear upon the presence or absence of reckless or malicious conduct; and, as previously stated, this is the test as to the relevancy of such evidence. Mattice v. Wilcox, 147 N. Y. 634, 42 N. E. 270. Motions to strike out parts of a pleading as irrelevant and redundant are not favored by the court. Where, under any possible circumstances, evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied. Dinkelspiel v. Eve. Journal, 91 App. Div. 99, 86 N. Y. Supp. 375. Motion denied, with $10 costs to defendant to abide the event.

Motion denied, with $10 costs to abide event.