**IRWIN CO., Inc. et al.**

v.

**MAGAZINES OF INDUSTRY, Inc.**

United States District Court,
S. D. New York.
April 6, 1954.

Murphy, Block, Sullivan & Sawyer, New York City, John Dwight Sullivan, New York City, of counsel, for plaintiffs.

White & Case, New York City, Chester Bordeau, John M. Johnston, New York City, for defendant.

CONGER, Judge.

Motion by the defendant for leave to serve and file an amended answer to which the plaintiffs object solely to the proposed fourth defense.

In Turton v. New York Recorder Co., 144 N.Y. 144, 38 N.E. 1009, the Court stated:

"But even if the defendant could have had the benefit of a retraction published after the commencement of the action, the mere offer to publish it gave it no benefit or advantage." 144 N.Y. at page 149, 38 N.E. at page 1010.

It is true that the Court appears to base its holding upon the inefficacy of an offer to plaintiffs' attorney to publish any retraction that he would write. Nevertheless, it has not been regarded as so limited. See Seelman, The Law of Libel, Par. 327, p. 318; 53 C.J.S., Libel and Slander, § 257. As far as I know, only one case, Dalziel v. Press Pub. Co., 52 Misc. 207, 102 N.Y.S. 909, sustained a plea of an offer to retract after suit. The others cited by defendant, including Dinkelspiel v. New York Evening Journal Pub. Co., 42 Misc. 74, 85 N.Y.S. 570, Schwartz v. Chatham & Phenix Nat. Bank, 185 App.Div. 68, 69, 172 N.Y.S. 762 and Corrigan v. Bobbs-Merrill Co., 228 N.Y. 58, 126 N.E. 260, 10 A.L.R. 662, apparently related to offers prior to suit.

Obviously, I must follow the Turton case in preference to Dalziel v. Press Pub. Co., supra.

The defendant's motion is granted to the extent unopposed by plaintiffs; otherwise it is denied.

Settle order.