(86 App. Div. 136.)

### STOCK v. KEELE.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

**1. SLANDER—PLEADING—JUSTIFICATION.**
　　　Where a complaint charges a single indivisible slander, a justification set up by answer must be as broad as the charge.

**2. SAME.**
　　　A complaint in an action for slander charged that defendant, intending to accuse plaintiff of having been dishonest and corrupt in public office, said, "He is short $6,000 in his accounts, and if he had his just dues he would be behind the bars." *Held*, that this was a single indivisible slander; therefore an answer denying saying that plaintiff was short in his accounts, but admitting saying "he ought to be behind the bars," and setting forth a justification as to those words, was demurrable.

Appeal from Special Term, Erie County.

Action by John H. Stock against Henry Keele. From a judgment sustaining a demurrer to the answer, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

C. W. Sickmon, for appellant.
Charles Diebold, Jr., for respondent.

HISCOCK, J. This action is brought to recover for an alleged slander uttered by the defendant of the plaintiff. The answer or defense under review set forth certain matters in justification of what defendant admitted he said upon the occasion in question, and which admission covered only part of the statement imputed to him by plaintiff. The demurrer was sustained upon the ground, as we understand it, that defendant's justification was not as broad as the charge, and therefore the answer was not sufficient. We think that the decision should be sustained.

Plaintiff was a former supervisor of the town of Cheektowaga. His complaint charged that the defendant, "intending to accuse this plaintiff of having been dishonest and corrupt in public office, to

¶ 1. See Libel and Slander, vol. 32, Cent. Dig. §§ 219, 225.

wit, while supervisor of the town of Cheektowaga, * * * spoke
these words: "Stock is short $6,000 in his accounts in Cheektowaga,
and if he had his just dues he would be behind the bars; * * *"
also that defendant said to plaintiff's son, referring to said plaintiff,
"His dad is short six thousand dollars in his accounts, and ought
to be behind the bars." Defendant by his answer denied that he
said of plaintiff that he was short in his accounts, but admitted that
he said of and concerning him that he ought to be behind the bars,
and then by the defense demurred to set up in justification of the
last statement so admitted to have been uttered that plaintiff while
supervisor had been guilty of various wrongful and dishonest acts.
None of the acts so charged in justification, however, related to or
constituted any shortage in his accounts.

The rules by which to determine whether the judgment appealed
from is correct and defendant's answer insufficient are very simple.
They are substantially conceded by both sides. Where the plaintiff
charges the utterance of a single entire slander he must prove the
same as charged, and where a defendant desires to justify such an
alleged slanderous utterance he must make his justification coexten-
sive with and as broad as the charge. A third rule, well settled, is
that, where the alleged slander consists of separate divisible charges
against the plaintiff, the defendant may deny one or more, and ad-
mit and justify the others. As stated, these rules are simple and
well established, and the only confusion possible is in their applica-
tion. We think that it is in this respect that the learned counsel
for the appellant labors in error upon this appeal. He contends that
the alleged slander charged by plaintiff to have been uttered by de-
fendant consists of two distinct and separable charges, and that
therefore it is permissible for him to do as he has—deny one and
admit and justify the other. To our minds it is very clear that, upon
the contrary, the statement alleged to have been made by defendant
constitutes a single, entire, indivisible charge, with the resultant
consequences that plaintiff must prove it and defendant must jus-
tify it in its entirety. We think that a reading of the language used
in the light of a reasonable construction must at once lead to the
conclusion adopted by us. With the innuendo employed, the alleged
charge was, in substance, that plaintiff was $6,000 short in his ac-
counts, "and if he had his just dues he would be behind the bars,"
and again, "and ought to be behind the bars." Upon reading this
alleged statement of shortage in plaintiff's accounts as supervisor,
with the other one that he ought to be behind the bars, connected,
as they are, by the word "and," the query, why should plaintiff be
behind the bars? immediately suggests the answer, because he was
short in his accounts. It would be unnatural and difficult to infer
or search for some other reason for which he should be incarcerated.
It would be unreasonable to so construe the language as to permit
the conclusion that defendant meant that plaintiff ought to be be-
hind the bars for murder or arson or the commission of some of
the offenses charged in the answer when no suggestion is made of
any such crime, and there is the suggestion of the other dereliction
upon his part of a shortage in his accounts. The connection between

the two parts of the sentence seems to be as close and inevitable as it would be if the defendant had said of the plaintiff, "He has committed murder, and ought to be executed." In the latter case we do not think it could be successfully contended that the party making the statement meant that the accused ought to be executed for some other crime than that of murder.

Taking this view of the meaning and construction of the language used, as already suggested, it follows that plaintiff must prove the slanderous charge as laid in its entirety, and that defendant may either stand upon his denial of the making of such a statement as a whole, or, if he desires to justify, must justify as to the entire charge.

Our interpretation of the language alleged to have been used by defendant as constituting a single connected statement clearly distinguishes this case from those relied upon by appellant, and which treated of alleged slanders which were clearly divisible into two or more separate complete accusations. The judgment appealed from should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with leave to defendant to plead over upon payment of costs of demurrer and of this appeal. All concur.