SAUNDERS v. POST–STANDARD PUB. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1905.)

1. LIBEL—PUBLICATION ACTIONABLE PER SE—CRUELTY TO ANIMALS.
    Published statements that an owner of injured cattle had hitched a team to them and dragged them some distance, "breaking bones not already broken," and had left them in a dying condition for some time, until they were killed by an officer of the Society for the Prevention of Cruelty to Animals, were libelous per se.
    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 8½.]

2. SAME—JUSTIFICATION—INSTRUCTIONS.
    In an action for libel, in which the publication contained two separate libelous charges, the court charged that the justification must be as broad as the charge, and that in order to be complete it must allege the truth of all the matters published. The court further instructed with reference to one of the libelous charges separately, 'and, in answer to a request to instruct that defendant might prove the truth of one of the charges without proving the other, stated that he had already told the jury that.   Held, that it was not error to instruct that the defendant, in order to justify, must prove the entire charge to be true.

3. SAME—CHARACTER OF PLAINTIFF—EVIDENCE.
    In an action for libel, plaintiff was entitled to show that he had been a member of the Legislature, trustee of a church, director of a bank, and held other responsible positions.
    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 256, 302, 314, 324.]

4. SAME—PUNITIVE DAMAGES.
    In an action for libel, punitive damages may be awarded, though there is no proof of express malice.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Libel and Slander, §§ 350, 351.]

Appeal from Trial Term, Onondaga County.

Action by Franklin P. Saunders against the Post-Standard Publishing Company.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

See 76 N. Y. Supp. 1.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and STOVER, JJ.

Ceylon H. Lewis, for appellant.
Thomas H. Dowd, for respondent.

SPRING, J.   On the 12th day of December, 1902, a herd of cattle owned by the plaintiff was run into by a train on the Delaware, Lackawanna & Western Railroad at Dunlap's Crossing, in Onondaga county, and one was killed, and two injured.   The appellant was the publisher of the Post-Standard newspaper, and its issue of the morning following the accident contained the alleged account of the transaction which gave rise to this action for libel.   There were two specific offenses charged against the plaintiff.   The first and perhaps the gravest was that Saunders had hitched a pair of horses to these two injured cows, "and dragged them along the track about 600 feet, breaking bones that had not already been broken."   The

second is that these "animals were left in a dying condition until late in the afternoon," when they were killed by the superintendent of the Society for the Prevention of Cruelty to Animals. Each of these statements was libelous per se. Triggs v. Sun Printing & Publishing Association, 179 N. Y. 144, 71 N. E. 739, 66 L. R. A. 612; Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725; Pen. Code, §§ 655, 656. And unless the defendant was able to sustain their truthfulness, it was liable in damages to some extent to the plaintiff. Saunders was not present when the train collided with his cattle. He had engaged one Fairbanks to meet the herd at this crossing and unload them, which Fairbanks did; taking his own men to assist him. One of the cows was seriously injured and unable to walk, and was lying on the railroad track, and was drawn off by one of these men. The plaintiff had nothing to do with this affair, and was not cognizant of it. As to this charge, therefore, there was no defense or justification interposed or proven. The plaintiff was notified of the accident, and reached the crossing about two hours after it occurred. The cow which had been taken off the track was lying on the ground. The plaintiff testified that she was lying naturally, without any indication of pain, and he made no examination of her injuries. He and the local agent of the railroad company had a dispute over the ownership of this cow and the one which had been killed. The plaintiff contended that the company must look after them, which the agent refused to do, and the plaintiff shortly after drove away. The defendant, in its answer, set forth certain facts in justification of its statement that the plaintiff had abandoned these cows in "a dying condition." There was a question of fact as to the pith of this accusation, and it was submitted to the jury.

The trial judge instructed the jury in a very fair and comprehensive charge. The appellant, however, contends that there are certain errors which call for a reversal of the judgment. The court, at the request of the counsel for the plaintiff, instructed the jury:

"The defendant, in order to justify the publication of plaintiff's Exhibit 1, the alleged libel, must prove the entire charge to be true; and, in case the defendant fails to prove the truth of the entire publication, then there is no justification thereof."

The appellant's counsel excepted to this instruction, and claims it is reversible error. The point urged is that the publication contains two distinct, divisible statements, each of which is libelous per se; that as to the one no justification had been attempted, while as to the other the defendant, in a substantial degree, had given evidence in vindication of its truthfulness, and, if the jury were satisfied the defendant had fairly proved there was no falsity as to this particular charge, then as to it no recovery should be had, even though liable by reason of the other accusation. The rule of law suggested seems to be the proper one. Lanpher v. Clark, 149 N. Y. 472, 44 N. E. 182; Holmes v. Jones, 121 N. Y. 461–469, 24 N. E. 701; Stock v. Keele, 86 App. Div. 136, 83 N. Y. Supp. 133. We think, however, the counsel misapprehends the scope of the instruction. Its purport was that, even though there had been a justification as

to one of the separate statements, that was not a complete answer to the entire article published. In order to relieve the defendant from liability, the justification must go to the whole publication, or it is no justification to the statement in its entirety. The court was not considering the effect of the justification as to the especial subject to which it applied, but as to its bearing upon the whole article. Nor was his attention called to the principle which the appellant now urges. The court, in its main charge, had stated:

"The rule is that the justification must be as broad as the charge, and that, in order that it shall be complete, he must allege the truth of all of the matters which he has published, and prove them, in order to make out a complete defense."

In response to the request the court reiterated this rule. That the trial court had a very clear conception of the rule that a justification may be made to a separate averment is further illustrated, for in his principal charge he had analyzed the testimony pertaining to the alleged abandonment of the cow dragged from the track; comparing it with the published article, and prefacing his discussion with a statement as to the section of the Penal Code which constituted such an offense a misdemeanor. It is to be noted, also, he was requested by the defendant's counsel to charge:

"If those averments are divisible; that is, there is one averment that he hitched the horses to the animal and dragged it, and another averment that he left the cow there through the day, suffering— Those being divisible averments, I ask your honor to instruct the jury that we may prove the truth of one of those charges, although we do not prove the truth of the other."

In reply the court added, "I have already told them that, I think," which apparently was satisfactory to the counsel. Before this, at the request of the counsel for the defendant, the court charged that, if the plaintiff left this cow to die in the street, "he was guilty of a misdemeanor—an offense known as 'cruelty to animals.'" We are satisfied that the charge made by the court, already adverted to, and now complained of, was correct, and that the proposition urged by the counsel was fairly before the jury.

Upon the trial, and over the objection of the defendant, the plaintiff proved that he had been the supervisor of his town, a member of the State Legislature, trustee of the Methodist Episcopal Church, director of a bank, and had held other positions, indicating he was a man of standing and prominence in the community in which he lived. This evidence was competent, as showing "the circumstances surrounding the plaintiff, and as bearing upon the hurtful tendency of the libel, and the general damage to which he was exposed." Morey v. M. J. Association, 123 N. Y. 207, 210, 25 N. E. 161, 9 L. R. A. 621, 20 Am. St. Rep. 730; Parrish v. Sun Publishing Co., 6 App. Div. 585, 39 N. Y. Supp. 540.

The trial judge permitted the jury, in its discretion, to award punitive damages against the defendant. There was no proof of actual malice. The defendant obtained its information from the officer who killed the cow injured. This was one of its ordinary channels for procuring news, and no question had theretofore been suggested

as to its accuracy. The defendant's managers did not know the plaintiff, and they had no pique or spite against him. In view of these facts, it is claimed that the jury should not have been allowed to give exemplary damages, and also that the recovery of $500 is excessive. Proof of express malice is not necessary, to permit the jury to pass upon the question of punitive damages. Proof of the falsity of the article published is sufficient. The rule applicable was thus summarized in Crane v. Bennett, 177 N. Y. 106, at page 116, 69 N. E. 274, at page 277 (101 Am. St. Rep. 722):

"The general rule is that, in an action for libel, proof by the plaintiff tending to establish the falsity of the alleged libelous publication is evidence of malice, and, if such evidence is introduced, a question for the jury is presented—whether the malice is of such a character as to call for punitive damages—and that question is not to be withdrawn from them because the defendant gives evidence which tends to show that there was no actual malice."

If the article was recklessly or carelessly published, punitive damages might properly be awarded. Smith v. Matthews, 152 N. Y. 152–158, 46 N. E. 164. Whether the defendant should have made further investigation before charging the plaintiff, a reputable citizen, with misdemeanors, was for the jury to determine, and the decision of that question may have been potential in allowing or disallowing damages beyond the actual loss sustained by the plaintiff. We cannot, under the circumstances, conclude that the recovery is excessive. In this class of cases the damages are peculiarly within the province of the jury. The gravity of the publication, the extent of its circulation, the standing of the person of whom the libelous article is published, and the manner the information was acquired, all enter into the question of damages; and, unless it is apparent that the jury have gone astray, the amount of the verdict ought not to be interfered with.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.