## BINGHAM v. GAYNOR.

(Supreme Court, Appellate Division, First Department.  December 17, 1909.)

1. LIBEL AND SLANDER (§ 4*)—INTENT AND MALICE—KNOWLEDGE OF FACTS.

That defendant, before he published the alleged libel, was apprised by plaintiff of the true state of affairs with respect to the matter discussed in the article published, is to be considered on the question of malice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 111; Dec. Dig. § 4.*]

2. LIBEL AND SLANDER (§ 120*)—EXEMPLARY DAMAGES.

To entitle plaintiff to punitive damages for libel, plaintiff must show express malice, as distinguished from the legal malice which the law implies from a publication of false and defamatory matter.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 350, 351; Dec. Dig. § 120.*]

3. LIBEL AND SLANDER (§ 117*)—DAMAGES—ELEMENTS.

The position which plaintiff held at the time of the alleged libel, and his standing in the community may be considered on the question of general damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 344; Dec. Dig. § 117.*]

4. APPEAL AND ERROR (§ 1042*)—HARMLESS ERROR—STRIKING OUT ALLEGATIONS.

Where the allegations objected to were either necessarily alleged or proper to be introduced as proof by plaintiff, defendant could not be aggrieved by permitting them to remain in the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4112, 4113; Dec. Dig. § 1042.*]

5. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS.

Where allegations in a complaint have any bearing on the subject-matter of the litigation, they should not be stricken out as irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1158; Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

Action by Theodore A. Bingham against William J. Gaynor. From an order striking out portions of the complaint as irrelevant, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Austin G. Fox (E. C. Crowley, on the brief), for appellant.
Charles H. Hyde, for respondent.

HOUGHTON, J.  The action is for libel, and on motion of the defendant many allegations of the complaint were stricken out as irrelevant.  It is unnecessary to analyze the complaint.  It is sufficient for us to say that we are of the opinion that the allegations stricken out were material, as either tending to show actual malice or in aggravation of damages.

The plaintiff had a right to aver, if he saw fit, that the defendant was apprised by him of the true state of affairs with respect to Duffy before he published the alleged libel, for the purpose of showing personal ill will or desire to do harm.  The plaintiff in an action for libel

has the right to ask for punitive damages in addition to mere compensation for the wrong; but to entitle him to such punitive or exemplary damages he must allege and prove facts which show express malice, as distinguished from the legal malice which the law implies from a publication of false, defamatory matter. Carpenter v. N. Y. Evening Journal, 111 App. Div. 266, 97 N. Y. Supp. 478; Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722.

On the trial the plaintiff would have the right to prove, and it was therefore proper for him to allege, the position which he held at the time the alleged libel was published, for the purpose of showing his standing and prominence in the community, as bearing upon the hurtful tendency of the libel and the general damage to which he was exposed. Morey v. M. J. Association, 123 N. Y. 207, 25 N. E. 161, 9 L. R. A. 621, 20 Am. St. Rep. 730; Saunders v. Post-Standard Co., 107 App. Div. 84, 94 N. Y. Supp. 993.

The allegations stricken out being either necessarily averred or proper to be introduced as proof by the plaintiff, the defendant could not be aggrieved by permitting them to remain in the complaint. Younger v. Duffie, 26 Hun, 442. If allegations of a pleading have any bearing on the subject-matter of the litigation, they should not be stricken out as irrelevant and redundant. Dinkelspiel v. N. Y. Journal Co., 91 App. Div. 96, 86 N. Y. Supp. 375.

It follows, therefore, that the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

