(69 Misc. Rep. 211.)

## BURKAN v. MUSICAL COURIER CO.

(Supreme Court, Special Term, New York County.   October, 1910.)

1. LIBEL AND SLANDER (§ 104*)—EVIDENCE—PRIOR PUBLICATIONS.
   In an action for libel, proof of other publications of same libel other than the publication declared on is competent, either to show actual malice or aggravation of damages.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 284–291; Dec. Dig. § 104.*]

2. LIBEL AND SLANDER (§ 100*)—PRIOR PUBLICATIONS—PLEADING.
   Evidence of prior publications of the same libel cannot be introduced, unless such publications are pleaded.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–257; Dec. Dig. § 100.*]

Action by Nathan Burkan against the Musical Courier Company. On motion by defendant to require plaintiff to elect between alleged causes of action for libel.   Motion denied.

Reversed in 125 N. Y. Supp. 1059.

Wise & Seligsberg (Edmond E. Wise, of counsel), for the motion. Adolph Bangser, opposed.

GAVEGAN, J.   This is a motion made by the defendant in an action for libel to require the plaintiff to elect one alleged libelous statement in three of the six alleged causes of action pleaded in the amended complaint, and for an order striking out from each of the alleged causes of action all reference to the other libelous statements therein contained.   It is unnecessary to analyze the complaint.   It is sufficient to say that the allegations sought to be striken out are material, as either intending to show actual malice or aggravation of damages.   As was held by Mr. Justice Houghton in Bingham v. Gaynor, 135 App. Div. 426, 427, 119 N. Y. Supp. 1010, 1011: ·

"The plaintiff in an action for libel has the right to ask for punitive damages in addition to mere compensation for the wrong; but, to entitle him to such punitive or exemplary damages, he must allege and prove facts which show express malice, as distinguished from the legal malice which the law implies from a publication of false defamatory matter." Carpenter v. New York Evening Journal Pub. Co., 111 App. Div. 266, 97 N. Y. Supp. 478; Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722.

In Stuart v. N. Y. Herald Co., 73 App. Div. 459, 77 N. Y. Supp. 216, the court said:

"But, to entitle a plaintiff in an action for libel to give proof the tendency of which is to enlarge the character of the libel, he must set up the facts in his complaint, although the article published by the defendant and upon which the action is framed is libelous per se."

In Cassidy v. Brooklyn Daily Eagle, 138 N. Y. 239, 33 N. E. 1038, the court held, and it has never been questioned, that proof will not be allowed, the purport of which is to add to the natural and legal effect of the libel as it appears on its face, without setting up the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts which form the basis for such addition. The court said, in that case:

"I do not see that this rule is at all altered by the fact that the article as published was libelous per se."

President Taft, when a member of the Circuit Court of Appeals for the Sixth Circuit, in writing the opinion for the court in Post Pub. Co. v. Hallam, 59 Fed. 530, 8 C. C. A. 201, said:

"By the weight of authority, prior and contemporaneous publications of the same libel other than that declared on are competent evidence to show malice, whether such other publications may themselves be made the basis of recovery in separate suits or not, and the danger of a double recovery for the same publications is to be avoided by a caution from the court that damages are to be allowed only for the article sued on."

This opinion was concurred in by Justice Lurton (now Mr. Justice Lurton of the Supreme Court of the United States) and Justice Ricks.

In Turton v. N. Y. Recorder Co., 144 N. Y. 144, 150, 38 N. E. 1009, 1010, Mr. Justice Earl, speaking for the court, said:

"It is the prevailing doctrine that the reiteration of a libel or slander after suit brought may be proved on the question of malice and damages, probably with this qualification, however, that the cause of action for the reiteration has been barred by the statute of limitations, or that the language subsequently reiterated is for some other reason not actionable. The authorities upon this point are not harmonious. Townshend Sland. & Lib. (4th Ed.) 653 et seq.; Stuart v. Lovell, 2 Stark. 84; Thomas v. Croswell, 7 Johns. 264 [5 Am. Dec. 269]; Inman v. Foster, 8 Wend. 602; Keenholts v. Becker, 3 Denio, 346; Root v. Lowndes, 6 Hill, 518 [41 Am. Dec. 762]; Johnson v. Brown, 57 Barb. 118; Thorn v. Knapp, 42 N. Y. 474 [1 Am. Rep. 561]; Titus v. Summer, 44 N. Y. 266; Bassele v. Elmore, 48 N. Y. 561; Frazier v. Mc-Closkey, 60 N. Y. 337 [19 Am. Rep. 193]; Daly v. Byrne, 77 N. Y. 182; Cruikshank v. Gordon, 118 N. Y. 178 [23 N. E. 457]. No case holds that a repetition of a libel or slander after suit brought is in its nature not competent evidence on the question of malice and damages, and whenever it has been excluded as evidence it has always been upon the ground that it was an independent cause of action, and thus, if such evidence were received, that there would be danger of a double recovery."

The tendency of the latest decisions has been to support the views expressed by President Taft in Post Pub. Co. v. Hallam, 59 Fed. 530, 8 C. C. A. 201.

The case of Cerro De Pasco Tunnel & Min. Co. v. Haggin, 106 App. Div. 401, 94 N. Y. Supp. 593, is not in point, for the reason that it was held in that case that, owing to the failure to mention any specific dates on which the libel or libels were published and the slander or slanders were uttered, it could not be determined whether the plaintiff intended to state more than one cause of action.

Nor is the case of Fisher v. New Yorker Staats-Zeitung, 114 App. Div. 824, 100 N. Y. Supp. 185, in point, for the reason that there is nothing to show that the alleged libels, or either of them, were set up for the purpose of showing malice.

Motion denied, with costs.