CHRISTIAN WILDENBERGER, Appellant, v. RIDGEWOOD NATIONAL BANK, Respondent.

Second Department, April 11, 1919.

**Banks and banking — action by depositor against bank for refusal to pay checks — evidence — damages.**

Where, prior to the presentation of checks for payment, a bank was served with a complaint in an action by the drawer's wife to recover one-half of the money on deposit then standing to his credit, and the aggregate of the checks exceeded one-half of the drawing account balance as to

which the wife claimed ownership, the bank was justified in withholding payment to the drawer.

In an action by the drawer against the bank for damages, a judgment upon a verdict for nominal damages should be affirmed, where the bank's refusal to make payment was not willful or malicious, and a return of the checks marked " account closed " was an error of the bank's clerk, and the plaintiff conceded that he had suffered no actual damage.

Substantial damages can be awarded in such an action only when the bank is guilty of express or implied malice, *i. e.*, where the bank in refusing payment acts willfully, without just cause or excuse or with improper motive.

BLACKMAR, J., dissented, with memorandum.

APPEAL by the plaintiff, Christian Wildenberger, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 28th day of January, 1918, upon the verdict of a jury in his favor for six cents rendered by direction of the court, and also from an order entered in said clerk's office on the 22d day of January, 1918, denying his motion to set aside the verdict and for a new trial.

The plaintiff, a depositor in defendant bank for about eight years, on May 10, 11 and 14, 1917, drew four checks aggregating $222.98. He had at the time a balance in his checking account of $398. Prior to the presentation of the checks for payment, the bank was served with a complaint in an action by plaintiff's wife to recover one-half of the money on deposit in defendant bank then standing to plaintiff's credit, as to which she claimed ownership, and demanding judgment that defendant bank pay said money to her. Defendant's cashier, after conferring with its attorney, and upon the latter's advice, ordered the account marked " Held, as per legal papers." The checks were returned, however, marked " account closed."

*Meyer Kraushaar* [*Emanuel Celler* with him on the brief], for the appellant.

*Thomas Cradock Hughes* [*Robert H. Wickert* with him on the brief], for the respondent.

RICH, J.:

The trial court directed a verdict for plaintiff for nominal damages, but he claims general damage which follows as a

matter of law.  He conceded he had suffered no actual damage, and he cannot be allowed punitive damages unless he can show express malice, in addition to that which the law implies from the publication of defamatory matter.  (*Bingham* v. *Gaynor*, 135 App. Div. 426.)  Substantial damages can be awarded in such an action only when the bank is guilty of express or implied malice, *i. e.*, where the bank in refusing payment acts willfully, without just cause or excuse, or with improper motives.  (*Clark Company* v. *Mount Morris Bank*, 85 App. Div. 362; affd., 181 N. Y. 533.)  That is not the instant case.  I think the bank was justified in withholding payment of the checks in view of the complaint which had been served upon it, and because the aggregate of the checks exceeded one-half of the drawing account balance, as to which the plaintiff in that action claimed ownership.  The notation on the returned checks was an error of the bank's clerk, and the evidence fails to show that it was actuated by malice.  *Davis* v. *Standard National Bank* (50 App. Div. 210) stands only for the proposition that, if the action is based upon a malicious and wrongful act of the defendant, resulting in substantial damages, the jury are entitled to consider, not only the actual money damages, but if the effect of such damage is to produce mental suffering and anxiety, they are at liberty to award damages on that head also.

The judgment and order should be affirmed, with costs.

JENKS, P. J., MILLS and JAYCOX, JJ., concurred; BLACKMAR, J., dissented in separate memorandum.

BLACKMAR, J. (dissenting):

I dissent.  As to three of the checks there was no excuse for the dishonor, for the complaint of the wife demanded judgment for half of the account only.  The remaining half, without reference to the special account, would have sufficed to pay these checks.  The notation " account closed " was false and unjustified.  From this an inference of malice can be drawn.  The question of damages should have been submitted to the jury.

Judgment and order affirmed, with costs.