Holding Corporation and Fishkind Realty Co., Inc., Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

Woodhaven Housing Corporation, Respondent, v. John Kaiser, Appellant. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

David Zirinsky, Appellant, v. Hugo J. Panzer and Another, Respondents.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

John Annunziata, Appellant, v. Wallace H. Halsey, C. E., Incorporated, Respondent.— Order changing place of trial from Queens county to Suffolk county reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, upon the ground that the defendant has not made out a case justifying the change of venue for the convenience of witnesses. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

Martin E. Bloom, Respondent, v. Chasam Realty Co., Inc., Defendant, and Fidelity and Deposit Company of Maryland, Appellant.— Order and judgment as against Fidelity and Deposit Company of Maryland affirmed, with ten dollars costs and disbursements. No opinion. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: Because the word " levied " is used in the paragraph of the lease relating to the payment of taxes, it is concluded that tenant was bound to pay the taxes levied in March, 1930. These taxes were for the year January 1, 1930, to December 31, 1930. In my opinion other language in the lease indicates that it was intended that the tenant was to pay one-quarter share of the 1925 taxes, levied in March, 1925, *i. e.*, from October 1, 1925, to December 31, 1925, and three-quarters of the 1926 taxes, *i. e.*, from January 1, 1926, to September 30, 1926, although the levy for 1926 was made in March of that year. Thus it was to continue from year to year. In this way, in accordance with the terms of the lease, the landlord was assured of a net income equal to the annual rental for the lease year, October first to September thirtieth. The 1929 taxes were paid. Therefore, under the lease the tenant was liable for three-quarters of the 1930 taxes. This is the limit of appellant's liability. To this extent, plaintiff is entitled to judgment.

Briarcliff Lodge Hotel, Inc., Appellant, v. Citizen-Sentinel Publishers, Inc., and J. Noel Macy, Respondents.— Order in so far as it denies motions to dismiss the first, second and third complete defenses in defendants' answers reversed on the law, with ten dollars costs and disbursements, and motions to that extent granted, with ten dollars costs. In our opinion the first, second and third complete defenses are insufficient in law inasmuch as they are not so broad and extensive as the libelous publications. In other respects the order, in so far as appealed from, is affirmed, without costs. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote to affirm as to the corporate defendant on the ground that the facts set up in the first three defenses are broad enough to cover such an interpretation as the jury may reasonably make of the words complained of as libelous and justify the charge (*Cafferty* v. *Southern Tier Publishing Co.*, 226 N. Y. 87; *Foley* v. *Press Publishing Co.*, 226 App. Div. 535; *Crashley* v.

*Press Publishing Co.*, 179 N. Y. 27; *Finkle* v. *Westchester Newspapers, Inc., ante,* p. 817, decided April 29, 1932), and concur for affirmance as to the individual defendant.

BRIARCLIFF LODGE HOTEL, INC., Appellant, v. TARRYTOWN DAILY NEWS, INC., and J. NOEL MACY, Respondents.— Order in so far as it denies motions to dismiss the first, second and third complete defenses to the first and second causes of action in defendants' answers reversed on the law, with ten dollars costs and disbursements, and motions to that extent granted, with ten dollars costs. In our opinion the first, second and third complete defenses are insufficient in law inasmuch as they are not so broad and extensive as the libelous publications. In other respects the order, in so far as appealed from, is affirmed, without costs. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote to affirm as to the corporate defendant on the ground that the facts set up in the first three defenses are broad enough to cover such an interpretation as the jury may reasonably make of the words complained of as libelous and justify the charge (*Cafferty* v. *Southern Tier Publishing Co.*, 226 N. Y. 87; *Foley* v. *Press Publishing Co.*, 226 App. Div. 535; *Crashley* v. *Press Publishing Co.*, 179 N. Y. 27; *Finkle* v. *Westchester Newspapers, Inc., ante,* p. 817, decided April 29, 1932), and concur for affirmance as to the individual defendant.

BRIARCLIFF LODGE HOTEL, INC., and CHAUNCEY DEPEW STEELE, Appellants, v. WESTCHESTER NEWSPAPERS, INC., and J. NOEL MACY, Respondents.— Order in so far as it denies motions to dismiss the first, second and third complete defenses in defendants' answers reversed on the law, with ten dollars costs and disbursements, and motions to that extent granted, with ten dollars costs. In our opinion the first, second and third complete defenses are insufficient in law inasmuch as they are not so broad and extensive as the libelous publications. In other respects the order, in so far as appealed from, is affirmed, without costs. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote to affirm as to the corporate defendant on the ground that the facts set up in the first three defenses are broad enough to cover such an interpretation as the jury may reasonably make of the words complained of as libelous and justify the charge (*Cafferty* v. *Southern Tier Publishing Co.*, 226 N. Y. 87; *Foley* v. *Press Publishing Co.*, 226 App. Div. 535; *Crashley* v. *Press Publishing Co.*, 179 N. Y. 27; *Finkle* v. *Westchester Newspapers, Inc., ante,* p. 817, decided April 29, 1932), and concur for affirmance as to the individual defendant.

BRIARCLIFF LODGE HOTEL, INC., and CHAUNCEY DEPEW STEELE, Appellants, v. THE YONKERS STATESMAN CORPORATION, Respondent.— Order in so far as it denies motion to strike out the first, second and third complete defenses in defendant's answer reversed on the law, with ten dollars costs and disbursements, and motion to that extent granted, with ten dollars costs. In our opinion the first, second and third complete defenses are insufficient in law inasmuch as they are not so broad and extensive as the libelous publicatiosn. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote to affirm on the ground that the facts set up in the first three defenses are broad enough to cover such an interpretation as the jury may reasonably make of the words complained of as libelous and justify the charge. (*Cafferty* v. *Southern Tier Publishing Co.*, 226 N. Y. 87; *Foley* v. *Press Publishing Co.*, 226 App. Div. 535; *Crashley* v. *Press*