■ JOHN MALONEY, Plaintiff, v. HARRY LANDAU et al., Defendants. (Action No. 1.) MICHAEL GREENE, Respondent, v. QUEENS MANAGEMENT CORP., Appellant, et al., Defendants. (Action No. 2.) CATHERINE C. MALONEY, Respondent, v. QUEENS MANAGEMENT CORP., Appellant, et al., Defendants. (Action No. 3.) — In three separate negligence actions arising out of the same automobile accident, of which Actions Nos. 1 and 2 had been consolidated for trial in the Supreme Court, Nassau County; Action No. 1 thereafter had been settled and discontinued; and Action No. 3 thereafter had been commenced in the District Court, Nassau County, the Queens Management Corp., one of the defendants in all three actions, appeals from an order of the Supreme Court, Nassau County, dated April 29, 1964, which denied its motion: (a) to consolidate Action No. 3 with Action No. 2; and (b) thereupon to transfer the said actions, as so consolidated, to the District Court, Nassau County. Order reversed, with $10 costs and disbursements, and motion granted. The actions are within the jurisdictional limits of the District Court of Nassau County, and the Supreme Court has the power: (a) to remove Action No. 3 to itself and to consolidate it with Action No. 2, pursuant to CPLR 602; and (b) to transfer the actions as thus consolidated to the District Court of Nassau County (N. Y. Const., art. VI, § 19). There being no reason shown in the record why such relief should be withheld, defendant's motion should have been granted. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ ARNOLD MOLLIS, Appellant, v. BROOKLYN WEEKLY & BROOKLYN DAILY CORPORATION, Respondent.— In an action to recover damages for libel, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated June 7, 1963, as denied his motion to strike out as insufficient the three defenses pleaded in defendant's answer. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Under the liberal practice as to pleadings now in effect (*Grant Co.* v. *Uneeda Doll Co.,* 19 A D 2d 361, 363; *Roberts* v. *Grandview Dairy,* 20 A D 2d 574; *Foley* v. *D'Agostino,* 21 A D 2d 60), the defenses should not be struck out (cf. Civil Rights Law, § 78; Seelman, Law of Libel and Slander, par. 172; *Fleckenstein* v. *Friedman,* 266 N. Y. 19, 23; *Cafferty* v. *Southern Tier Pub. Co.,* 226 N. Y. 87, 93; *Paige* v. *Westchester County Publishers,* 9 A D 2d 772; *Crane* v. *New York World Tel. Corp.,* 308 N. Y. 470). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.